Filing # 68030237 E-Filed 02/15/2018 03:17:12 PM

IN THE CIRCUIT COURT FOR THE TWENTIETH
JUDICIAL CIRCUIT, IN AND FOR LEE COUNTY,
FLORIDA, CIVIL DIVISION

CASE NO:

KATIE CRADDOCK,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

2:18-CV-458-FtM-29MRM

## COMPLAINT

Plaintiff, KATIE CRADDOCK, sues Defendant, WAL-MART STORES EAST, LP, and alleges:

1. This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees.

2. At all times material to this action, Plaintiff, KATIE CRADDOCK, was and is a natural person residing in Lee County, Florida.

3. At all times material to this action, Defendant, WAL-MART STORES EAST, LP, was and is a corporation licensed to do business in the State of Florida and was doing business in Lee County, Florida.

4. At all times material to this action, Defendant, WAL-MART STORES EAST, LP, was the owner and operator of a retail store located at 545 Pine Island Road, North Fort Myers, Lee County, Florida 33903, open to the general public, including the Plaintiff.

5.  On February 13, 2017, Plaintiff visited Defendant's premises located at the above address for the purpose of shopping.

6.  At that time and place, Plaintiff was a business invitee on the premises of Defendant.

7.  At that time and place, Plaintiff was lawfully on the premises of Defendant.

8.  At that time and place, Defendant, **WAL-MART STORES EAST, LP**, owed Plaintiff a duty of reasonable care to maintain the premises in a reasonably safe condition.

9.  At that time and place, Defendant, **WAL-MART STORES EAST, LP**, owed Plaintiff a duty of reasonable care to warn her of unreasonably dangerous conditions.

10. At that time and place, Plaintiff slipped and fell on liquid on the floor of Defendant's premises and sustained injuries.

11. At that time and place, the liquid on the floor constituted an unreasonably dangerous condition.

12. Defendant knew, or should have known through the use of reasonable care, that the liquid on the floor constituted an unreasonably dangerous condition.

13. Defendant had actual or constructive notice of the unreasonably dangerous condition of the liquid on the floor and should have taken action to remedy it.

14. Defendant negligently maintained the premises by allowing the liquid on the floor, an unreasonably dangerous condition, to exist on the property.

15. Defendant negligently failed to warn or adequately warn the public, including Plaintiff, of the unreasonably dangerous condition of the liquid on the floor.

16. Defendant negligently failed to correct or adequately correct the unreasonably dangerous condition of the liquid on the floor when the condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of it had Defendant exercised reasonable care.

17. Defendant negligently engaged in a mode of operations when Defendant knew, or should have known, that the mode of operations would result in unreasonably dangerous conditions to the general public, including Plaintiff.

18. The above-described negligence was the proximate cause of injury to Plaintiff.

19. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, medical expenses, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

20. Venue in Lee County, Florida is proper because the incident occurred in Lee County, Florida.

WHEREFORE, Plaintiff, KATIE CRADDOCK, sues Defendant, WAL-MART STORES EAST, LP, for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), costs, interest, and other such relief as this Court deems just. PLAINTIFF ALSO DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

RESPECTFULLY submitted this 15th day of February, 2018.

CHAD F. BRAZZEAL, ESQUIRE
FBN: 11771
Morgan & Morgan
P.O. Box 9504
Ft. Myers, FL 33906
Phone: (239) 433-6880
Facsimile: (239) 433-6836
Attorneys for Plaintiff
E-Mail:    cbrazzeal@forthepeople.com